# CIRCUIT COURT OF THE CITY OF ROANOKE

Gladys Bevil,
Administratrix
of the Estate of
Billie Ruth Keen

 v.

Rawlings Co.

April 6, 2005

Case No. CL03-623

BY JUDGE CLIFFORD R. WECKSTEIN

 This cause came on this 18th day of February 2005 to be heard upon a Rule to Show Cause issued on January 31, 2005, and served on February 2, 2005, on Harry W. Brown, the respondent, in person. That Rule commanded that Harry W. Brown appear in person before this Court to (1) show cause, if any he could, why this suit should not be discontinued and removed from the docket, and (2) show cause, if any he could, why the Court should not impose sanctions upon him for violation of Virginia Code § 8.01-271.1. Harry W. Brown appeared in person, together with his attorney, John H. Kennett, Jr., and the Court heard the matter ore tenus.

 The Court finds the following facts.

 This cause came before the court on September 30, 2004, as a result of a praecipe filed by Harry W. Brown, attorney for the plaintiff, on July 7, 2004. That praecipe, over Mr. Brown's manuscript signature, dated July 2, 2004, reads: "I certify that the above-styled matter is matured for trial on its merits and request that the Clerk place it on the docket to be called on August 3, 2004, to be set for a bench trial." At this court's August 3 docket call, Judge Jonathan M. Apgar, at Mr. Brown's behest, scheduled a two-hour bench trial to be held at 1:30 p.m. on September 30. No one was present on behalf of the defendant.

This suit was commenced on May 28, 2003, when Harry W. Brown, as attorney for Gladys Bevil, Administratrix of the Estate of Billie Ruth Keen, filed a motion for declaratory judgment against "Rawlings Company." No process ever was issued, nor were any papers ever served on the defendant. No responsive pleadings were filed.

On July 2, 2004, Mr. Brown wrote to the clerk, transmitting the praecipe. The letter and praecipe were received in filed on July 7, 2004. The praecipe bore a certificate, signed with Mr. Brown's manuscript signature, reading: "I, Harry W. Brown, do herby [sic] certify that on the 2nd day of July, 2004, the foregoing Praecipe and Motion for Declaratory Judgment was mailed to C.T. Corporation System, Registered Agent for Rawlings Financial Services, L.L.C., at 4701 Cox Road, Suite 301, Glen Allen, VA 23060."

The motion for declaratory judgment alleges that, on November 27, 2002, a judge of this court entered an order requiring the clerk to hold proceeds of a wrongful death lawsuit in the amount of $7,240.49; that these funds are being held as a result of a lien placed by Rawlings Company on the settlement of a wrongful death case; that the "Administratrix and the Guardian for Odessa Keen dispute the validity of the lien" and "desire to have the Court declare whether said lien is valid."

On September 30, 2004, Philip W. Parker appeared specially on behalf of Rawlings Financial Services, L.L.C., and The Rawlings Company, L.L.C., to assure that no order was entered to the detriment of Rawlings Financial Services, L.L.C., and The Rawlings Company L.L.C.

In July of 2004, when Mr. Brown certified that this case was matured for trial on its merits, no process had been issued nor service obtained. More than one year had elapsed since the suit was filed. There was no evidence of diligence by the plaintiff to effect service of process upon the defendant. There was no evidence that the plaintiff's attorney had made any effort to effect service of process upon the defendant.

In a letter to the Court, dated September 30, 2004, received October 1, 2004, Mr. Brown transmitted papers from his file, and suggested that, since he had been in touch with Rawlings Company, L.L.C., the provisions of Code § 8.01-288 – "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter" – is applicable. The Court is of opinion that, since no process was issued, process could not have reached the person to whom it was directed.

In chambers on September 30, 2004, Mr. Brown asked to nonsuit this action. The Court asked him to draft the appropriate order and forward it to

Mr. Parker for Mr. Parker, appearing specially, to endorse. The judge also asked Mr. Brown to consider whether the certification contained in the praecipe violated the provisions of Virginia Code § 8.01-271.1. Mr. Brown's September 30 letter did not tender a nonsuit order, nor did his September 30, 2004, letter mention nonsuiting the cause. On February 3, 2005, this Court received a proposed nonsuit order which has today been entered.

Although this declaratory judgment action asks the Court to determine what is to be done with funds paid into Court as part of a wrongful death suit, that wrongful death suit is actively pending on the docket of this Court. Mr. Brown had drafted an order, entered on January 21, 2003, retaining the case on the docket. In testimony on this date, he stated that he had not recalled that order. He stated he had read the order when it was transmitted with the Show Cause Rule. In his testimony on this day, he did not remember that the order had retained the cause on the docket.

Mr. Brown testified that he had not made any effort, before signing and filing to praecipe, to ascertain whether it was in any way grounded in fact. He had not reviewed the Court file, he testified, to determine whether process had been issued or served. He testified that he had not made any effort to determine whether service had been effected, though he did know that his office had been in touch with the defendant. He further testified that he had not made any effort to ascertain whether he was suing the proper defendant. He also testified that he had not done any research to determine whether, since the original suit was still on the docket, the declaratory judgment suit was well grounded in fact and warranted by existing law. He testified that this had been a learning experience for him. He also testified that he had begun exchanging drafts of the nonsuit order with Mr. Parker on October 1, 2004.

In testimony on this day, Philip W. Parker, attorney for The Rawlings Company, L.L.C., advised the Court that that party has to date incurred a minimum of $500 in attorney's fees in responding to the praecipe and the sequels thereto.

Rule 3:3(c) provides, in part, that:

No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

6

Code § 8.01-275.1 provides that:

> Service of process in an action or suit within twelve months of commencement of the action or suit against a defendant shall be timely as to that defendant. Service of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant.

Well more than a year has elapsed. There is no indication of any diligence to achieve service.

Code § 8.01-271.1 provides that:

> Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, and the attorney's address shall be stated on the first pleading filed by that attorney in the action. A party who is not represented by an attorney, including a person confined in a state or local correctional facility proceeding pro se, shall sign his pleading, motion, or other paper and state his address.
>
> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, written motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.
>
> An oral motion made by an attorney or party in any court of the Commonwealth constitutes a representation by him that (i) to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (ii) it is not

interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

The Court, after hearing the evidence and argument of counsel, finds that the praecipe was signed or made in violation of the rule of § 8.01-271.1. Mr. Brown's letter of October 1, 2004, approaches violation of the rule of that statute. The court must impose upon Harry W. Brown an appropriate sanction. This is the sanction imposed:

1. Within ten calendar days after February 18, 2005, Harry W. Brown shall tender to Philip W. Parker, attorney for the Rawlings Company, L.L.C. $500 in cash, bank check, or certified funds.

2. Within six months after February 18, 2005, Harry W. Brown shall pay for, take, and satisfactorily complete the Virginia State Bar's Mandatory Professionalism Course (the same course he was required to take as a new lawyer). Harry W. Brown shall file with the Court a certification from the Virginia State Bar showing that he paid for, took, and satisfactorily completed the Professionalism Course. The Court admonished Harry W. Brown that if he fails to comply with the provisions of this paragraph, other and more severe sanctions will be imposed.

3. A certified copy of this office shall be sent by the Clerk to Bar Counsel of the Virginia State Bar pursuant to this Court's duty of reporting under the Virginia Canons of Judicial Conduct.

It is further ordered and decreed that the Clerk shall open on the docket a new action at law entitled, *In the Matter of Harry W. Brown*. That file shall contain certified copies of all papers contained in this case file. All future matters concerning the Rule to Show Cause will take place in that law action. The Court has today entered an order granting the plaintiff's motion for voluntary nonsuit in the captioned case, *Bevil et al. v. Rawlings Company*.

The Clerk is ordered to transmit true copies of this Order to Barbara Ann Williams, Bar Counsel, Virginia State Bar; to John H. Kennett, Jr.,

counsel for Harry W. Brown; and to Philip W. Parker, counsel for Rawlings Company, L.L.C.

This suit has been terminated by nonsuit. The matter *In the Matter of Harry W. Brown* is continued on the docket.